Towle v. Holt.

CATHARINE TOWLE ET AL., PLAINTIFFS IN ERROR, V. CHARLES B. HOLT ET AL., DEFENDANTS IN ERROR.

1. **Taxes:** REDEMPTION FROM TAX SALE: IMPROVEMENTS. The provisions of sec. 104 of the revenue law of 1869, requiring the land-owner, before a decree is rendered against a person holding under a tax deed, to pay such person "the full value of any and all improvements put upon said land by the purchaser at tax sale, or his heirs or assigns," are in addition to the remedy provided by the act for the relief of occupying claimants, and must be complied with before the land-owner is entitled to possession of the premises.

Towle v. Holt.

2. ———: ASSESSMENT: PLEADING: BURDEN OF PROOF. Where a plaintiff admits in his reply that certain real estate was assessed, but alleges that such assessment was illegal, the burden of proof is upon him to show such illegality.

3. **Tax deed**: DESCRIPTION. Two separate and distinct tracts of land may be included in the same tax deed, and such joinder in the deed will not necessarily raise a presumption that such tracts were sold in gross.

4. ———: LIMITATION. A tax deed must be valid on its face to entitle the party claiming under it to the benefit of the special limitation of the revenue law.

5. ———: REDEMPTION. Under the revenue law of 1869, the land-owner must pay all taxes paid by the purchaser at tax sale, having a tax deed, with interest thereon, before he is entitled to judgment for the possession of the land.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*A. H. Babcock* and *J. H. Broady*, for plaintiffs in error.

Including two separate and distinct tracts in deed creates no presumption that they were assessed and sold as one tract. Laws of 1869, § 62, p. 203. *Nelson v. Rountree*, 23 Wis., 371. *Silliman v. Frye*, Gilm., 664. The deed was admissible. As to seal, see *Huey v. Van Wie*, 23 Wis., 613. *Putney v. Cutler*, 11 N. W. R., 437. Greenleaf on Evidence, § 503. Gen. Stat., § 32, p. 237. On limitation of actions, cited Cooley on Taxation, 376. Blackwell on Tax Titles, § 564. Angell on Limitations, § 22. *Scott v. Hickox*, 7 Ohio State, 93. *Bradstreet v. Huntington*, 5 Peters, 402. *Jackson v. Diffendorf*, 3 Johns., 267. *Griffins v. Totinham*,. 1 Watts & Serg., 488. Burroughs on Taxation, 343. *Pillow v. Roberts*, 13 How., 472. On admission of evidence of rents and profits, cited: Sedgwick & Wait on Trial of Title to Land, § 678. *Nixon v. Porter*, 38 Miss., 401. *Davis v. Lark*, 30 Wis., 308. *Jackson v. Loomis*, 4 Cow., 168. As to improvements, cited: *Howard v. Lamaster*, 11 Neb., 582.

Towle v. Holt.

*R. W. Sabin* and *J. A. Smith* (*Walter J. Lamb* with them), for defendants in error.

Deed was properly excluded. Blackwell on Tax Titles, 401. *Carlisle v. Longworth*, 5 Ohio, 369. *Jones v. Devore*, 8 Ohio State, 430. *Haller v. Blaco*, 10 Neb., 36. *Miller v. Hurford*, 11 Neb., 383. *Grimm v. O'Connell*, 54 Cal., 523. Cooley on Taxation, 324. *Atkins v. Kinnan*, 10 Wend., 240. *Lain v. Cook*, 15 Wis., 446. *Maxey v. Clabaugh*, 1 Gilm., 26. *Smith v. Hileman*, 1 Scam., 323. *Harrington v. City of Worchester*, 6 Allen, 578. *Ferris v. Coover*, 10 Cal., 632. *Mayo v. Haynie*, 50 Cal., 73. As to description of two tracts in one deed, see *Hall v. Dodge*, 18 Kan., 279. *Walker v. Moore*, 2 Dillon, 256. Statute of limitations does not run. *Sutton v. Stone*, 4 Neb., 319. *Waterson v. Devoe*, 18 Kan., 223. *McGavock v. Pollock*, 13 Neb., 536. *Howard v. Lamaster*, 11 Neb., 582. *Cogel v. Raph*, 24 Minn., 197. *Wofford v. McKinnie*, 23 Texas, 36. Rents and profits. *Dungal v. Van Phul*, 8 Iowa, 269. *Wolcott v. Townsend*, 49 Iowa. 456. Improvements. *Buchanan v. Dorsey*, 11 Neb., 376,

MAXWELL, J.

This is an action to recover possession of the S. E. ¼ of section 27, T. 4, R. 6 E., in Gage county, and for the rents and profits of the same. The defendants below made a number of defenses, among which, after a denial of the plaintiff's title, they claim to be owners of said land under a tax deed to one Towle, dated November 28, 1873; that said Towle took possession of said land under said deed, and cultivated and improved the same, and had open, exclusive, notorious, adverse possession thereof for more than three years under said deed, and thereby acquired a complete and perfect title to the same. There is also an allegation that he paid taxes thereon amounting, with interest, to the sum of $600. The plaintiffs, in their reply,

deny in substance the new matter contained in the answer, but say: "That a pretended assessor of the pretended precinct in which said land was situated, on or about the first day of April, A.D. 1870, made a pretended assessment of said lands for the year 1870, by copying a pretended assessment roll of said Gage county, for the year 1869, and in no other way; that said pretended assessor, who made said pretended assessment of said premises, did not take and subscribe an oath to perform the duties of assessor in and for said precinct for said year, as required by law, or in any manner, nor did he list or have listed said property or any property for taxation of said precinct for the year 1870." This will be adverted to hereafter. There is no denial, except in a general way, that the defendants paid the taxes as stated in the answer. On the trial of the cause, a verdict was returned in favor of Holt and Sabin, for the possession of the land and for the sum of $515.60 rents and profits, and the defendants were allowed nothing for their improvements, nor for taxes paid.

It appears from the record that Albert Towle purchased the land in controversy at public sale in 1871, for the taxes due thereon in the year 1870; that in November, 1873, and after the time for redemption had expired, he obtained a tax deed for said land; that the entire tract at that time was unbroken prairie, and that he broke up and cultivated about 125 acres of the same. All the testimony tends to show that the entire value of the rents and profits was derived from that portion of the land broken up by Towle. Charles L. Schell, a brother-in-law of Sabin, called for the plaintiff below, testified: "I would put such tillable land at $2 to $2.50 per acre, cash rent. I don't know whether it was all under cultivation." R. W. Sabin, one of the plaintiffs below, testified: "The east half of the south-west quarter is mostly broken, probably all of it; there may be a little over 120 acres broken." These witnesses were the only ones produced by the plaintiff.

Towle v. Holt.

The condition of the case therefore is this: Towle purchased the land at tax sale and obtained a deed for the same. He thereupon broke up about 125 acres, and cultivated the same up to the time of his death, which occurred in 1879, and paid the taxes due thereon; that since the death of Towle, his heirs, who were the defendants below, have received the rents and profits for which the judgment for $515.60 was rendered against them, while they were not permitted to recover for taxes paid, nor for the costs of the breaking, which produced the rents and profits. Can such a judgment be sustained?

The case must be governed mainly by the provisions of the revenue law of 1869. Section 104 of that act reads as follows: "Deeds hereafter executed by the county treasurer for real estate sold for taxes shall be *prima facie* evidence, in all controversies and suits in relation to the rights of the purchaser, his heirs or assigns, to the land thereby conveyed, of the following facts:

*First.* That the land conveyed was subject to taxation, and had been assessed at the time and in the manner required by law.

*Second.* That the taxes were not paid at any time before the sale.

*Third.* That the lands conveyed had not been redeemed from the sale at the date of the deed.

*Fourth.* That the land was advertised for sale in the manner required by law.

*Fifth.* That the land was sold for taxes as stated in the deed.

*Sixth.* That the grantee in the deed was the purchaser, or his or her assignee.

*Seventh.* That the sale was conducted in the manner required by law, and this shall apply as well to private as to public sales made by the treasurer for taxes; and in all suits involving the title to land claimed and held under and by virtue of a deed executed by the treasurer as afore-

said, the party claiming adverse title shall be required to prove, in order to defeat the said title, either that the land was not subject to taxation at the date of the sale, that the taxes had been paid, that the land had never been assessed for taxation, that the land had not been advertized for sale as required by law, or that the same had been redeemed according to the laws of the state, and that such redemption was made for the use and benefit of persons having the right of redemption under the laws of this state; and in no event shall a decree or judgment be rendered against the purchaser until the claimant shall have paid to said purchaser, his heirs or assigns, the full value of any and all improvements he has put upon said real estate, which shall be determined by arbitration according to the laws of this state, or by trial by jury in any court of competent jurisdiction, and shall also have paid over to the county treasurer for the use of the purchaser, in case judgment be rendered against him, the amount necessary to redeem the land at that date, at the same rates as provided by law in cases where the land is redeemed within two years from the date of sale; provided, that no person shall be compelled to pay for any improvements made prior to the date of the treasurer's deed."

These provisions are applicable to all cases where improvements have been made under tax deeds, and are in addition to the remedy given by the occupying claimant's act.    To entitle the party to recover it is not necessary that his tax deed should be valid, because if that was the case he would need the aid of no statute to enable him to recover for his improvements, as he would have the entire title.

The tax deed was objected to: *First*, Because it does not appear that the land was subject to taxation, or had been assessed at the time and in the manner required by law. These objections were sustained and the deed excluded.    It does appear from the evidence of the plaintiff below, that

the land was entered by Charles B. Holt, prior to 1869, and that a patent for the same was issued in that year, so that it is clear that the lands were taxable.

The second objection is untenable, because the plaintiffs below admit in their reply that the land was assessed. It is true, it is called a pretended assessment, but having admitted the assessment, the burden of proving its invalidity is upon them. *Miller v. Hurford*, 13 Neb., 13. The court therefore erred in sustaining these objections.

It was also objected that the deed did not recite the place of the sale of the land. This we find on examination to be true.

In *Haller v. Blaco*, 10 Neb., 36, it was held by a majority of the court that the failure to recite in a tax deed the place of sale of land sold at public tax sale was a fatal defect. The writer filed a dissenting opinion in that case, and while he sees no reason to change his views therein expressed, still the decision has to some extent become a rule of property, and if changed at all, it should be done by the legislature. This objection therefore was properly sustained.

Objection was made to the deed because two separate and distinct tracts of land not contiguous were taxed and sold together for a sum in gross. It is a sufficient answer to say that it is not sustained by the record. While two separate and distinct tracts were included in the deed, as the statute provides they may be, yet it does not appear that they were sold together. The court therefore erred in sustaining this objection.

The 4th, 5th, 6th, and 7th objections were too general to be considered.

For the sole reason, therefore, that the deed failed to show that the lands were sold at the door of the court house, it was properly excluded as evidence of title. It was proper to be considered, however, for the purpose of

showing color of title, and that the improvements were made under it.

The defendants below claim that possession under this deed for three years entitles them to the benefit of the special statute of limitations provided in the revenue law. This question was before the court in *Sutton v. Stone,* 4 Neb., 319, and it was held that to entitle a party to the benefit of the special limitation, the deed must conform to the statutory requirements. In other words, the deed on its face must be valid. Where a party is in actual possession under such a deed for the requisite length of time, the court will not inquire into mere irregularities in the proceedings leading up to the tax deed. But if the deed is not in the form required by the statute, the invalidity appearing on the face of the deed, it is mere color of title under which a party must retain adverse possession for ten years to acquire an absolute title.

The last question presented is the right of the defendants below to recover the taxes paid with the interest thereon. It will be observed that sec. 104 above quoted, required the party claiming the land to pay to the county treasurer for the use of the purchaser, in case judgment should be rendered against him, the amount necessary to redeem the land at that date, with interest. This is an equitable provision. Under our constitution and laws, all property not belonging to the state, or the United States, or used for charitable or benevolent purposes, is taxable. That is, the burdens of taxation are intended to be evenly distributed upon all taxable property in the state, and taxes are made a lien upon real estate, from the first day of March of each year. At the time of the passage of the act in question, there was no mode of enforcing this lien, consequently if a party purchased a tract of land at tax sale and obtained a deed therefor, and the title thereafter failed, he would have been entirely without remedy but for the above provision. The law therefore says in effect to

the land owner, "you failed to pay your taxes upon your land, and because of your default it was sold for said taxes and purchased by the person holding the tax deed, who has a lien thereon for the same, which is a defense *pro tanto.*"

In 1875, the section above referred to was amended, but the amendment did not affect rights acquired under the act, and Mr. Towle having acquired an interest in the land by his purchase at tax sale, and tax deed, had a right to protect the same by the payment of all taxes thereafter lawfully assessed against the land. Holt and Sabin, therefore, in any event must, in addition to the improvements, pay the defendants below the taxes paid with interest thereon. The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.