ALBERT N. SULLIVAN, PLAINTIFF AND APPELLEE, V. SELDEN N. MERRIAM, DEFENDANT AND APPELLANT.

1. **Tax Deed:** SEAL OF TREASURER. A tax deed to be valid must have the official seal of the county treasurer attached. A scroll is not sufficient.

2. ———: PROCEEDINGS REGULAR: INTEREST ALLOWED PURCHASER. Where the proceedings prior to issuing a tax deed are

regular, and the only defect is in the deed itself, the tax pur-
chaser is entitled to the highest rate of interest allowed by law
until the expiration of the time to redeem.

APPEAL to the district court of Cass county. Heard be-
low before POUND, J.

*Covell & Ransom,* for appellant.

*Albert N. Sullivan* and *Stevenson & Murfin,* for appellee.

MAXWELL, J.

This action was brought by the plaintiff against the de-
fendant to cancel certain tax deeds on the north-east quar-
ter of section 8, town 10, range 11 east. On the trial of
the cause a decree was entered setting aside said deeds and
requiring the plaintiff to pay the defendant the sum of
$249.46, and providing that upon the payment of said sum
the title should be quieted and confirmed in him. The de-
fendant appeals to this court.

The defendant claims title under three tax deeds, the
first of which is as follows: " Whereas, S. N. Merriam
did on the 12th day of January, A.D. 1878, produce to the
undersigned, J. M. Patterson, treasurer of the county of
Cass, in the state of Nebraska, a certificate of purchase in
writing, bearing date the first day of November, 1875,
signed by J. C. Cummins, who at the last-mentioned date
was treasurer of said county, from which it appears that S.
N. Merriam did on the 16th day of September, 1875, pur-
chase at public tax sale at the door of the court house in
the city of Plattsmouth in said county, the tract, parcel, or
lot of land lastly in this indenture described, which said
real estate was sold to S. N. Merriam for the sum of thir-
ty-seven 66-100 dollars, that being the amount due on the
following tract or lot of land returned delinquent for the
non-payment of taxes, costs, and charges for the year 1874,
to-wit:

| DESCRIPTION OF LANDS OR NAME OF TOWN. | Section or lot | Town or block | Range | Acres | Amount sold for | Tax subsequently paid |
|---|---|---|---|---|---|---|
| Northeast ¼............................................... | 8 | 10 | 11 | 160 | 37 60 | 32 44 |

" And it appearing that said S. N. Merriam is the legal owner of said certificate of purchase, and that the time fixed by law for redeeming the land therein described having now expired, and the same not having been redeemed as provided by law, and the said S. N. Merriam having demanded a deed for the tract of land mentioned in said certificate, and which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs, and charges as above specified; and it. appearing that said lands were legally liable for taxation, and had been duly assessed and properly charged on the tax book or duplicate for the year 1874, and had been legally advertised for sale for taxes, and were sold on the 16th day of September, 1875. Now, therefore, this indenture, made this 12th day of January, 1878, between the state of Nebraska, by J. M. Patterson, treasurer of said county of Cass, of the first part, and S. N. Merriam, of the second part, for and in consideration of the premises and the sum of one dollar in hand paid, hath granted, bargained, and sold, and by these presents doth grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns forever, the tract or parcel of land mentioned in said certificate, and described as follows, to-wit:

| DESCRIPTION OF LAND OR NAME OF TOWN | Section or lot | Town or block | Range | Acres |
|---|---|---|---|---|
| Description same as above. | | | | |

" To have and to hold said mentioned tract or parcel of

land with the appurtenances thereunto belonging to the said party of the second part in as full and ample manner as the said treasurer of said county is empowered by law to sell the same. In [testimony] whereof the said J. M. Patterson treasurer of said county of Cass has hereunto set his hand this 12th day of January, A.D. 1878.

                            "J. M. PATTERSON,
"Attest:        " *Treasurer of Cass County, Nebraska.*"
    " J. D. TUTT,
[L.S.]     " *County Clerk.*"

And duly acknowledged.

A tax deed is executed under a naked power which must be strictly complied with. In order that there could be no mistake as to the form of the deed, the statute as it then existed prescribed a form to be followed as far as practicable—that is, to be followed unless the facts required a change. In the statutory form the description of the land conveyed must be given. This, however, may be obviated in this case by reference to the certificate, which contains only the numbers of the land in controversy. This would be sufficient with an ordinary deed, but the extent to which it applies to a tax deed is not so clear, and as the question has not been very fully discussed will not now be determined, as for another reason the deed is invalid.

In the statutory form of deed it concludes as follows:

"In testimony whereof the said C. D., treasurer of said county of ........, has hereunto set his hand and seal on the day and year aforesaid.

    Attest:            ..............[SEAL.]"

At common law a deed was of no validity without a seal. 2 Blacks. Comm., 305–6. *Jackson v. Wood,* 12 John., 73. *Dening v. Babbitt,* 1 Blackf., 241. *Elwell v. Shaw,* 16 Mass., 47; and although our statute has abolished private seals, yet where the statute requires a public officer to authenticate a deed executed by him in an official capacity by his official seal, it must be so executed to be

valid. This fact was recognized by the defendant, who, after the execution and recording of the deed in question, procured a second deed from said treasurer, duly attested by a scroll. Such an official seal is entirely unknown to our law and is of no validity. *Zahradnicek v. Selby*, 15 Neb., 579.

And the same objection applies to the deed dated November 25th, 1881. The court therefore did not err in setting said deeds aside as a cloud on the plaintiff's title. The tax proceedings, however, in each case up to the time of sale appear to have been regular and in proper form, and the defendant is entitled to forty per cent interest from the date of the first sale, viz., Sept. 15, 1877, until the expiration of the time to redeem, and twelve per cent thereafter, and twenty per cent on that of November 19, 1879, until the time of redemption expired, and ten per cent thereafter. *Zahradnicek v. Selby*, 15 Neb., 579. And thus modified the judgment is affirmed.

JUDGMENT ACCORDINGLY.