CHARLES C. HOUSEL, PLAINTIFF IN ERROR, V. GEORGE H. BOGGS AND LEN W. HILL, DEFENDANTS IN ERROR.

**Taxes:** TAX DEED. A tax deed must be valid on its face to entitle the party claiming under it to the benefit of the special limitation of the revenue law. *Towle v. Holt,* 14 Neb., 221.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J. The action was one of ejectment brought by Boggs & Hill against Housel. They claimed title as grantees of the original owner of the lands in controversy. Housel claimed title under tax deeds

dated May 12, 1875, and April 19, 1876, with possession from 1875. The action was commenced in 1880.

*John L. Webster*, for plaintiff in error.

*W. J. Connell*, for defendants in error.

REESE, J.

The question presented · by the record in this case is, whether or not the district court erred in excluding from the jury two tax deeds offered in evidence by the plaintiff in error. It is conceded that these deeds, failing to recite the place of sale, are void and do not carry with them the *constructive* possession of the property sought to be conveyed. But it is claimed by the plaintiff in error that as the proofs showed he had had *actual* possession since 1875 —more than three years—and the defendants in error were out of possession, the bar of the statute of limitations has run in his favor. It is also claimed that the question now presented has not been heretofore determined by this court in the cases of *Sutton v. Stone*, 4 Neb., 319, and *Towle v. Holt*, 14 Neb., 221, and the plaintiff in error has sought to show the distinction, which in some respects has been made apparent.

The attorney for the plaintiff in error has presented a very able and exhaustive analysis of the law upon the subject as declared by text writers and the ultimate courts of other states and were the question now before this court for the first time the writer would be inclined to follow them, notwithstanding the peculiarity of our statutes upon the subject of taxation and the rights of holders of tax liens. But as the law of this state may be considered to have been settled since the decision of the case of *Sutton v. Stone*, in 1876, and the doctrine there laid down followed by subsequent cases, we do not feel inclined to again open the question and adopt another and conflicting rule, espe-

cially so since the holding in those cases is, in view of our statute, equitable and just to as full an extent, at least, as would be the rule contended for by plaintiff in error. Another reason why the decision in those cases should not now be overruled is, as stated by Justice MAXWELL in the opinion in the case of *Towle v. Holt*, it has "to some extent become a rule of property, and if changed at all it should be done by the legislature."

In *Sutton v. Stone*, LAKE, CH. J., in the opinion, quoted with approval the language used by the supreme court of Kansas in *Bowman v. Cockrill*, 6 Kas., 339, in which it is said: "It is only where the tax deed is good *prima facie*, and where on account of some irregularity in the tax proceedings, the deed is void, or, more properly speaking, is voidable if attacked, that the statute of limitations can apply."

In *Towle v. Holt*, this court said, where a party is in actual possession for the requisite length of time, under a tax deed which is on its face valid, "the court will not inquire into mere irregularities in the proceedings leading up to the tax deed. But if the deed is not in the form required by the statute, the invalidity appearing on the face of the deed, it is mere color of title under which a party must retain adverse possession for ten years to acquire an absolute title." This having been declared and accepted as the law of this state, we do not feel warranted in questioning its soundness. This would be our view, even though it were conceded, as claimed by plaintiff in error, that the case of *Sutton v. Stone* was not an authority upon which to predicate the decision of the case of *Towle v. Holt*.

It follows that the decision of the district court in sustaining the objection of defendants in error to the introduction of the tax deeds was correct.

The question as to whether the plaintiff in error is chargeable with rent from the date of the commencement of the action only, or from the date of the acquisition of ti-

tle by defendant in error (plaintiff in error being in possession of the premises at that time) is presented by the record, but not argued by counsel. The amount involved in this case is so small as to be of little importance to the parties. The question as to whether sections four and eleven of the act of 1883 [Laws of 1883, 249, Comp. Stat. 1885, chap. 63] are applicable to cases of this kind is therefore not decided.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.