JOHN P. A. BENDEXEN, PLAINTIFF IN ERROR, v. DAVID W. FENTON, DEFENDANT IN ERROR.

1. Taxes : TAX DEED. A tax deed to be valid must have the official seal of the county treasurer attached. *Sullivan v. Merriam,* 16 Neb., 157.

2. ———: ———: LIMITATION. A tax deed must be valid on its face to entitle the party claiming under it to the benefit of the special limitation of the revenue law. *Housel v. Boggs,* 17 Neb., 94.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*C. A. Baldwin,* for plaintiff in error.

*Warren Switzler,* for defendant in error.

REESE, J.

This was an action in ejectment. Plaintiff in error, who was defendant below, bases his title on a treasurer's tax

deed, dated February 6, 1878, for the taxes of 1874. On the trial he offered his deed in evidence, to which objection was made, principally for the reason that it was not under the seal of the county treasurer. The objection was sustained, the deed excluded, and plaintiff in error assigns this ruling of the district court for error.

In deciding as it did the district court followed the cases of *Sullivan v. Merriam* 16 Neb., 157. *Shelley v. Towle*, Id., 194, and *Baldwin v. Merriam*, Id., 199. But plaintiff in error contends that the rule announced in those cases is wrong and should not be followed; that they are technical and do not give expression to the legislative intent as contained in section 67 of the revenue law of 1869, General Statutes, page 923.

We must admit that the rule applied is somewhat technical, but yet we believe it to be correct, and in accord with the holding of courts generally in this country. We do not care to enter into an elaborate discussion of the question, as we are satisfied with the reasons given in the cases cited, but we are reminded that those decisions voice an express provision of the statute which the legislature, for reasons of its own, saw fit to embody therein. As said in *Sullivan v. Merriam*, "a tax deed is executed under a naked power which must be strictly complied with." It is an exercise of the sovereign power of the government by which it appropriates the property of the citizens to the support of the commonwealth. Taxes are assessed and levied upon all property alike, and in this the burden is uniform; but if the taxes are not paid by the owner, then the property is sold for the taxes due without any reference to the relation the price may bear to the value. A few dollars is the price paid for property which is often worth as many thousands. It is the exercise of corporate power whereby it is sought to divest the owner of valuable property for a mere pittance. This was fully understood by the legislature, and was no doubt the reason why a strict compliance

with apparent technical requirements was made necessary. But it is urged that by the law then in force the treasurer had no seal, and hence the requirement referred to could not be complied with. To this we can only say, that if the law made no provision for a compliance with its own mandatory provisions, it was an oversight with which the courts have nothing to do. ·It is enough to know that the requirements exist.

The right to sell property for taxes is one which must exist in order that the public revenues may be collected, but it seems to the writer that the many advantages given to the purchaser of property at tax sale by our statutes clearly indicate that it has not been the intent of the legislature that the property owner should be divested of his title thereto without ample opportunity being given for redemption, and yet that absolute security and a good interest should be given to the purchaser. By law taxes are made a perpetual lien on real estate. A liberal interest is allowed on the money invested in the purchase, and the right of foreclosure is given to the holder of the certificate of sale. All this, too, untrammeled by any advantage which might be sought by reason of any irregularity in the assessment or levy. The principal inquiries are, Was the property subject to taxation? Had the taxes been paid by the owner? Was the taxation substantially uniform, and was no more than a proper proportion levied against the property taxed? If so, the holder of the tax certificate, or deed, has absolute security for his investment and a higher rate of interest than can be obtained in any other real estate loan. I do not hesitate to say that no fairer nor better system for the collection of revenues can be had than has been built up in this state by the legislature, and the construction placed upon our laws by the courts.

These reflections are perhaps not strictly germain to the question in hand, except in so far as they logically lead to the conclusion to which we have arrived, to-wit, that a

strict compliance with the letter as well as of the spirit of the law is necessary to divest the owner of his title, but that the payment of the taxes, interest, and costs without reference to any irregularity in the exercise of the taxing power must be made. We do not hesitate to say that, considering the revenue laws of the state, and the advantages very properly given to purchasers at tax sale, it is the imperative duty of the courts to require a most strict and technical compliance with the law before title can be acquired for taxes alone. We adhere to the decisions referred to.

The plaintiff in error by his brief insists that his possession is protected by the statute of limitations as prescribed in section 134 of the present revenue law. Comp. Stats., Ch. 77. It is quite probable that if the three years' limitation had been applicable to this case, it would have been. Section 105, page 933, Gen. Stats., 1873. But as no title passed by the deed the statute does not apply, and plaintiff could acquire no title until the expiration of ten years. *Housel v. Boggs*, 17 Neb., 94. *Towle v. Holt*, 14 Neb., 221.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.