GEORGE W. COLVIN, PLAINTIFF IN ERROR, v. REPUBLI-CAN VALLEY LAND ASSOCIATION AND THE LIN-COLN LAND COMPANY, DEFENDANTS IN ERROR.

1. **Ejectment:** STIPULATION AS TO EVIDENCE: COPIES OF DEEDS.. In an action in ejectment it was stipulated between the parties. that certified copies of the record of deeds should be used in evidence without proof of the loss of the originals, and that such copies contained all that the originals contained. Plaintiff offered in evidence a certified copy of a deed executed by the Lincoln Land Association, a corporation, which was objected to for the reason that the copy did not show that the original deed was under the seal of the corporation, that is, that no impression of the seal was thereon. The objection was over-. ruled, and the copy admitted. *Held*, Correct, it being recited in the deed that the seal of the corporation was thereto affixed..

2. **Limitation of Action.** The statute of limitations will not run in favor of an occupant of real estate, unless the occupancy and possession are adverse to the true owner, and with the. intent and purpose of the occupant to assert his ownership of the property. His possession must be as owner and adverse to, every other person.

3.  Ejectment: DEFENSE: ANSWER. In an action in ejectment by the vendee against the vendor, the only defenses presented by the answer were a general denial of the allegations of the petition, and a plea of the statute of limitations. On the trial defendant sought to prove that he had not been paid the consideration for which he sold the land. The testimony was excluded. *Held,* Correct, as no equities were presented by the answer.

ERROR to the district court for Furnas county.    Tried below before GASLIN, J.

*J. M. Hamilton* and *Hamilton & Trevitt,* for plaintiff in error, on admission of deed, cited: *Hutchins v. Byrnes,* 9 Gray, 367. Boone Corp., § 50. On adverse possession. *Strange v. Durham,* 1 Brev., 83. *Barnes v. Haynes,* 13 Gray, 188. *Talbert v. Singleton,* 42 Cal., 395. Sedgwick & Wait Trial of Title to Land, Sec. 757. *Conyers v. Kenans,* 4 Ga., 313.

*Marquett, Deweese & Hall* and *W. S. Morlan,* for defendants in error, cited: *Smith v. Dall,* 13 Cal., 510. *Geary v. City of Kansas,* 61 Mo., 378. *Uppfalt v. Nelson,* 18 Neb., 533. *Jackson v. Parker,* 3 Johns. Cases, 124. *Dietrick v. Noel,* 42 Ohio State, 21.

REESE, CH. J.

This was an action in ejectment, instituted by defendants in error against plaintiff in error for the possession of the south-east quarter of the south-west quarter of section 15, township 4, range 23 west, in Furnas county.

The petition is in the usual form.

Plaintiff in error filed his answer, consisting of three counts:

*First,* A general denial of the allegations of the petition;

*Second,* That the plaintiffs' alleged cause of action did not accrue within ten years next before the commencement of the suit; and

*Third,* That on September 30th, 1873, plaintiff in error entered into possession of the premises in dispute, as owner thereof, and has continued in open, notorious, adverse, and exclusive possession thereof ever since, and has cultivated and improved the same.

There was a jury trial, which resulted in a verdict in favor of defendant in error.

Plaintiff in error brings the cause to this court by petition in error, and assigns for error:

*First,* The court erred in admitting in evidence certain deeds, introduced by defendants in error, showing their claim of title;

*Second,* The court erred in giving certain instructions to the jury;

*Third,* The court erred in refusing to give certain instructions asked by plaintiff in error;

*Fourth,* Errors of law occurring upon the trial; and

*Fifth,* That the verdict is not sustained by sufficient evidence.

At the commencement of the trial the following stipulation was entered into by the parties to the suit:

"It is hereby stipulated and agreed by and between the parties hereto that certified copies of certain instruments may be offered in evidence without proof of the loss of the originals, subject only to the objections that the originals would be subject to, the plaintiffs admitting that they contained all that the originals contained."

The property in dispute was conveyed by plaintiff in error, to one D. N. Smith, on the 30th day of September, 1873. Smith conveyed it to the Republican Valley Land Association, the deed bearing date March 28, 1874. The Republican Valley Land Association, on the 29th day of December, 1879, conveyed an undivided half interest in the property to A. E. Touzalin, trustee. On the 5th of May, 1880, Touzalin conveyed the undivided half interest to the Lincoln Land Company.

The principal objection to the introduction of the copies of the deeds is made to that of the Republican Valley Land Association, to Touzalin. The ground of this objection is, that the certified copy of the record does not show that the conveyance was under the seal of the corporation making the conveyance. This deed is executed by J. S. Schramm, president of the Republican Valley Land Association, and recites that it is made under the seal of said association, but there is nothing on the certified copy, in the form of a scroll or otherwise, to indicate that the seal of the association was actually affixed to the deed, in accordance with the recital therein contained.

In *Griffin v. Sheffield*, 38 Miss., 359, a question somewhat similar to the one presented in the case at bar arose, upon a certified copy of a deed being introduced in evidence, which did not contain any proof, by a scroll or otherwise, that the officer before whom the acknowledgment was taken actually affixed his seal to the certificate of acknowledgment. It was there held that the deed was admissible in evidence, and that it was not necessary that a certified copy of the recorded deed should show that the impression of the official seal of the officer who took the acknowledgment was affixed thereto, if it be stated in the body of the certificate of acknowledgment that it was certified under such official seal.

A similar question arose in *Geary v. City of Kansas*, 61 Mo., 378, and it was there held that a statement in the body of the certificate, that the officer who made it affixed his seal of office, raised the presumption that such was the fact, and that it was not necessary that the record copy should contain a copy of the seal, nor any indications thereof by scroll.

In *Smith v. Dall*, 13 California, 510, a question quite similar to the one in this case was presented. The deed was under seal, and recorded on the day of its execution, but on the books of the record there was no copy of the

seal or mark indicating that there was a seal to the instru-
ment.   It was held that it was not necessary that the seal
should be copied upon the record, but that it was enough
if it appeared from the record that the deed copied was
under seal.

The question, then, does not arise as to whether the deed
from the Lincoln Land Association to Touzalin was under
seal or not, or whether the seal of the corporation was
thereto affixed; but whether it was necessary that the cer-
tified copy of the record should show that fact in order to
its admissibility.   Under the authorities cited, we think
it was not necessary, and there was no error in admitting
the copy of the deed in evidence.

The facts in this case, as shown by the record, may be
briefly stated to be, that in the year 1873 plaintiff in error
conveyed the land in question to D. N. Smith.   At that
time it was unfenced, but somewhat improved and a crop
standing thereon.   Plaintiff in error was in possession.
The crop was reserved from the sale.   By the testimony
of plaintiff in error it appears that at the time he conveyed
the land to Smith there was some talk about plaintiff in
error remaining in possession, but just what that conversa-
tion was is not clear, plaintiff's memory being somewhat
defective, and Smith being dead.   It was known by plaint-
iff in error that Smith was not purchasing the land for
farming purposes, and nothing was said as to when Smith
would require the possession; at least no definite time was
fixed.   Plaintiff in error remained in possession until the
commencement of this suit, Smith not objecting so long
as the title remained in him.   The taxes have all been
paid by Smith, or his grantees, plaintiff in error having
paid nothing since his conveyance.   I think it may be said
to appear, reasonably clear, from the record, that plaintiff
in error retained the possession, by Smith's consent, with-
out any purpose of asserting ownership, or claiming to own
it, until after the year 1881.

On his cross-examination his attention is called to the verification of a petition in a case named, which occurred in the year 1881 or 1882. He was asked if at that time he had made up his mind to claim or keep the land? His answer was, "I don't know that I had positively." After that time his attention appears to have been called to the fact that some decision upon the question of adverse possession had been made by this court, when he seems to have decided to assert his ownership, but no notice of any claim or right to the land, or that his possession was other or different from that retained by the consent of Smith, was ever given to defendants in error. So far as appears from the record, his possession was with the consent of defendants in error, or their grantors, without any intention upon his part to assert ownership.

The real question presented in the case is, was such possession a sufficient bar to the present action? We think clearly not. The possession must not only have been actual, open, and continuous, but it must have been accompanied by an intention on his part to hold the land as the owner of it. It must have been under a claim of ownership. No matter how exclusive and hostile to the real owner, in appearance, it cannot be effectually adverse, unless accompanied by the intent, on the part of the plaintiff in error, to make it so. A naked possession, unaccompanied with any claim of right, will never constitute a bar, but will inure to the advantage of the real owner. As was said in *Ewing v. Burnet*, 11 Peters, 41: "It is the intention which affects the character of the entry and possession." And as was said in *McCracken v. City of San Francisco*, 16 California, 635, "The statute of limitation runs only in favor of parties in possession claiming title adverse to the whole world." There can be no doubt but that, after the conveyance to Smith, plaintiff in error retained possession, with the understanding upon his part that such possession was entirely agreeable to Smith; and while he says

in his testimony that it was his purpose to hold it as long as he could, yet we find nothing which would show a purpose to hold as owner and against Smith's title; the statute of limitations, therefore, did not run in his favor, and it must be presumed that his possession was in accordance with, or subservient to, the title conveyed to Smith. *Jackson v. Parker*, 3 Johnson's Cases, 124. *Thompson v. Pioche*, 44 California, 508. *Campau v. Lafferty*, 15 N. W. Reporter (Mich.), 40. *Greenhill v. Biggs*, 2 S. W. Reporter (Ky.), 774.

It is contended that the court erred in giving instructions to the jury upon its own motion and upon the request of defendants in error, and in refusing to give instructions asked by plaintiff in error. These instructions are quite lengthy, and it is not deemed necessary to copy them here. It must be sufficient to say that the views taken by the trial court, as expressed in the instructions given and those refused, correspond with those here expressed, and there was no error.

Upon the trial it was sought to prove by plaintiff in error, upon the witness stand, that he had not received the consideration for which he conveyed the land; but this testimony, upon objection, was excluded, and we think rightly, for the reason that there was nothing in the issues presented which would warrant any such proof. The simple questions presented were the title of the defendant in error and the plea of the statute of limitations. No equities were presented by the answer, and therefore none could be proven. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

MAXWELL, J., concurs.

COBB, J., took no part in the decision.