## NICOL v. SHERMAN et al.

A tax title cannot be sustained, where no proof of publication of notice of the expiration of the period of redemption, or notice that the certificate would become absolute, was ever filed in the office of the clerk of the court.

The statutory provision relating to the penalty and 2 per-cent per month interest after sale of land for taxes, is only applicable where the owner redeems the property from a legal sale within a year, and has no application where the proceedings have not been such that, on a failure to redeem the property, title would not vest in the holder of the certificate.

(Opinion filed, Feb. 13, 1907.)

Appeal from Circuit Court, Edmunds County. Hon. LORING E. GAFFY, Judge.

Action by James A. Nicol against Eugene K. Sherman and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Charles M. Stevens,* for appellant.. *John H. Perry* and *C. H. Barron,* for respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment entered in favor of the defendants and from an order denying a new trial.

The action was instituted by the plaintiff to quiet title to a tract of land in Edmunds county of which he claimed to be the owner by virtue of a certain tax certificate issued under the provisions of chapter 51 of the Laws of 1901 (Laws 1901, p. 51). The defendants claimed to be the owners of the property as heirs at law of Maria A. Sherman, who at the time the taxes were levied for which the certificate of sale was issued was the owner of the property, claiming the same, under a fee-simple title. The case was tried by the court without a jury, and it found and filed findings of fact and conclusions of law, the third finding of which is as follows: "That no proof of publication of notice of expiration was ever filed in the office of the clerk of said court, or notice that said certificate would become absolute." The court states the following conclusions of law: "That the time for redeeming said real estate from said tax certificate had not expired, * * * and said defendants may redeem said land by paying the amount of said alleged tax certificate, together with interest thereon at the rate of 12 per cent. per annum, and that said plaintiff recover the amount of said taxes and interest, and the costs and disbursements of this action."

In the view we take of the case it will only be necessary to consider the court's third finding of fact. The correctness of this finding is challenged by the plaintiff; but upon a careful examination of the evidence we are satisfied that the court's finding is sustained by the evidence. In the recent decision of King v. Lane, 21 S. D. — 110 N. W. 37, this court held that the giving of this notice and the filing of proof of the same within the time specified was essential, and that unless the provisions of law relating thereto were complied with, no title would vest in the purchaser. It follows, from the above decision, that the trial court was right in rendering judgment in favor of the defendants.

It is contended by the appellant that the judgment of the court, in any event, should be modified by providing that the plaintiff should be entitled to the amount specified in his certificate of sale, with 10 per cent damages and 2 per cent per month interest, under the provisions of the law; but this contention is clearly untenable. The provision relating to the penalty and 2 per cent per month interest is only applicable where the owner of the lands redeems the property from a legal sale within one year, and has no application where the proceedings have not been such that, on a failure to redeem the property, title would not vest in the holder of the certificate.

Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.