NICHOLAS OPP, APPELLANT, v. FREDLIN W. SMITH ET AL., APPELLEES.*

FILED FEBRUARY 1, 1918.   No. 19835.

1. **Taxation: TAX SALE: REDEMPTION.** Under the revenue law of 1879, a person seeking to redeem land from a tax sale was required to begin his action within three years from the making of the tax deed, unless such deed was void on its face, and the period was extended to five years by the revenue law of 1903. Comp. St. 1889, ch. 77, art. I, sec. 134; Comp. St. 1903, ch. 77, art. I, sec. 230.

2. **Evidence: TAX DEED: CERTIFIED COPY.** A duly certified copy of an authentic public record of a treasurer's tax deed, bearing the word "seal," and containing the recital, "given under my hand and official seal," is, in absence of evidence to the contrary, sufficient to show the use of such seal, if authorized by statute.

3. **Taxation: TAX DEED: VALIDITY.** A county treasurer could make a valid tax sale under the revenue law of 1879, and he could execute and deliver to the purchaser a valid tax deed under the revenue law of 1903, which preserved to such purchaser all rights acquired by him under the old law. Comp. St. 1889, ch. 77, art. I; Comp. St. 1903, ch. 77, art. I.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Fawcett & Mockett* and *G. J. Hunt,* for appellant.

*J. E. Philpott, F. E. Williams* and *R. C. Hunter, contra.*

ROSE, J.

This is an action by a patentee to redeem from a tax sale a quarter section of land in Morrill county

*Rehearing allowed. See opinion, p. 155, *post.*

and to quiet his title on the ground that the tax deed was void. Title by adverse possession was pleaded as a defense, in addition to a denial of the facts constituting the plea of the invalidity of the treasurer's deed. From a judgment of dismissal, plaintiff has appealed.

The controversy is between plaintiff and defendant Alanson O. Taylor, who acquired the interests of the purchasers at the tax sale. December 22, 1893, plaintiff procured his final receipt for his entry, and the patent was issued January 2, 1895. The land was sold October 13, 1900, by the county treasurer at private tax sale for delinquent taxes for the years 1894 to 1898, inclusive, and the treasurer's certificate was issued on the day of the sale. The tax deed was issued September 28, 1903. At a former trial the district court dismissed the action on the ground that Taylor had established his plea of adverse possession, but the supreme court held otherwise, and remanded the cause for a determination of the validity of the tax deed. *Opp v. Smith,* 96 Neb. 224. A second trial resulted also in a dismissal of the action, and plaintiff has again appealed.

Taylor insists that the judgment below should be affirmed on the ground that the action is barred by the special statute of limitations embodied in the revenue law. If this point is well taken, the consideration of other questions becomes unnecessary. The treasurer sold the land October 13, 1900, under the revenue law of 1879. Comp. St. 1889, ch. 77, art. I. The treasurer's deed was executed September 28, 1903, when the revenue law of 1903 was in force. Comp. St. 1903, ch. 77, art. I. Taylor and his grantors have been in possession since September 28, 1903; plaintiff in the meantime residing in Cass county. The revenue law of 1879 provided: "No action for the recovery of real property sold for non-payment of taxes shall lie, unless the same be brought within three years after the treasur--

er's deed is made." Comp. St. 1889, ch. 77, art. I, sec. 134. This is followed by a proviso having no application to the present inquiry. The revenue law of 1903 contains practically the same provision, except that the period is five years instead of three. Comp. St. 1903, ch. 77, art. I, sec. 230. After the supreme court, on the former appeal, had remanded the cause for further proceedings in the district court, Taylor filed an amended answer, in which he pleaded the special statute of limitations, and alleged that, though the treasurer's deed was made September 28, 1903, this action to recover the land was not commenced until December 1, 1910. The record shows that plaintiff did not begin his suit within the time limited by either of the revenue laws cited. Plaintiff argues that Taylor is not entitled to the benefit of the special statute of limitations, for the asserted reason that the treasurer's deed is not valid on its face, citing *Housel v. Boggs,* 17 Neb. 94; *Bendexen v. Fenton,* 21 Neb. 184. It is argued that two fatal defects appear on the face of the deed—absence of a treasurer's seal and failure to recite that the land had been previously "offered at public sale and not sold for want of bidders." For want of a seal, no valid treasurer's deed could be executed under the act of 1879. The treasurer's deed in controversy did not contain the recital mentioned. The treasurer had authority to make the sale. Before he executed the deed the legislature passed new laws preserving to purchasers at tax sales all rights which had accrued under the old law and authorizing a treasurer's seal. Comp. St. 1903, ch. 77, art. I, sec. 242; ch. 83, art. IV, sec. 5. A valid sale could be made under the old law, and a valid deed could be executed under the new.

Plaintiff insists, however, that the record contains no evidence of the use of an official seal. The point is not well taken. The original deed could not be found, and a copy certified from the county records was introduced

in evidence. Though a reproduction of the seal itself does not appear on the copy, it bears the word "seal," and contains the clause "given under my hand and official seal." This was sufficient. *Colvin v. Republican Valley Land Ass'n,* 23 Neb. 75.

Is the deed void on its face because it does not contain the recital, "such lands having been offered at public sale and not sold for want of bidders?" The land was sold under a law which had been repealed before the deed was executed. The rights of the purchaser were preserved by the new law, which did not require such a recital in the deed. The deed, when executed, conformed to the requirements of the statute then in force. It does not show that plaintiff was deprived of any right granted by either law. It is, therefore, valid on its face, within the meaning of the special statute of limitations.

It follows that the action is barred and that the dismissal is without error.

AFFIRMED.

SEDGWICK, J., not sitting.

---

The following opinion on motion for rehearing was filed November 30, 1918. *Former judgment vacated, and judgment of district court reversed.*

1. **Taxation: TAX DEED: EVIDENCE.** A tax deed issued under the act of 1903 upon a private tax sale made under the act of 1879, and which does not contain the statement that the land was first offered at public sale, is not of itself sufficient proof that the sale was in that respect in compliance with the law under which it was made.

2. ———: **SALE FOR TAXES: REDEMPTION: LIMITATIONS.** Such deed so issued will not start the running of the five-year statute of limitations against an action to redeem.

SEDGWICK, J.

When this case was in this court before (96 Neb. 224) the court found that the action was not barred by the ten-year statute of limitations, and the judgment was reversed and the cause remanded, with instructions "to determine the question of the validity of the tax deed, set out in the pleadings, and of the tax sale upon which such deed is based, and, if the same are found to be void, to ascertain the amount which plaintiff should be required to pay in order to redeem the lands in con troversy, and to permit such redemption." Upon another trial, the court again found for the defendants and dismissed the plaintiff's cause of action, and the plaintiff has appealed.

This court entered a judgment affirming the judgment of the district court, *ante,* p. 152. The principal facts disclosed by the record are sufficiently stated in that opinion, and it was there said: "A valid sale could be made under the old law, and a valid deed could be executed under the new * * * The land was sold under a law which had been repealed before the deed was executed. The rights of the purchaser were preserved by the new law, which did not require such a recital in the deed. The deed, when executed, conformed to the requirements of the statute then in force. It does not show that plaintiff was deprived of any right granted by either law." It was concluded that the deed is "valid on its face, within the meaning of the special statute of limitations." Upon the plaintiff's motion a rehearing was allowed, and the case again argued upon additional briefs. Upon further consideration we are satisfied that we were in error in our former decision. It is alleged in the amended petition that the land was sold by the treasurer at private sale without first having offered it at public sale. This is not specifically denied in the answer, and there is no allegation therein that the land was first offered for public sale. It appears to be conceded that, as a matter of fact, the sale was void for that reason, the claim being that the deed

issued under the new act was valid on its face, and that, therefore, the five-year statute of limitations provided in the new act applies in this case, and that the action is therefore barred.

The act of 1879 (Laws 1879, p. 276), under which this sale was made, required that the certificate of sale contain a statement that the land was offered at public sale and not sold for want of bidders, and that this certificate should be issued in duplicate, one to be delivered to the purchaser and the other to be filed with the county clerk, and that the record of the same in the county clerk's office should be received in evidence, and contained other similar provisions guarding against the very evil that is here complained of. Among other things, it required that the deed issued upon this certificate of sale should contain the statement that the land was offered at public sale and not sold for want of bidders, and that a deed so issued under that act should be sufficient proof that the statute requiring the lands to be first offered at public sale had been complied with. Therefore a deed issued under and in compliance with that act might be considered in that respect valid upon its face, and to start the running of the statute of limitations against an action to cancel a deed for failure to comply with this essential requirement of the law in the matter of the sale of land for taxes. The deed provided for in the act of 1903 (Laws 1903, ch. 73) is not sufficient for that purpose. That act does not require that the deed contain a statement that the land had first been offered at public sale. The new act, as to sales thereunder, contains other safeguards against depriving the owner of his land by private sale without having complied with this essential requirement that it must be first offered at public sale. It therefore seems clear that a deed executed under the new act will not be sufficient evidence that the sale made under the former act was made in compliance with the law, and this was expressly decided in *Wells v. Bloom,* 96 Neb. 430, in which case it was held: "A tax deed issued

in 1904, upon a tax sale certificate issued on a treasurer's tax sale made in 1902, without a previous compliance by the purchaser with the requirements of section 124, art. 1, ch. 77, Comp. St. 1901, is void and confers upon the grantee in such tax deed nothing more than color of title."

It follows that the five-year statute of limitations provided in the act of 1903 is not a bar to this action.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

MORRISSEY, C. J., and ROSE, J., dissent.

ALDRICH, J., not sitting.