NICHOLAS OPP, APPELLEE, v. FREDLIN W. SMITH ET AL., APPELLANTS.

FILED NOVEMBER 10, 1920.    No. 21390.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Affirmed.* ·

*Williams, Hurd & Neighbors* and *J. E. Philpott,* for appellants. ·

*Hunt & Perry* and *Fawcett & Mockett, contra.*

LETTON, J.

This action has appeared in this court twice before. On the first appeal (96 Neb. 224) the only issue was on the question of adverse possession. This issue was decided adversely to the defendant, and the cause remanded, "with directions to determine the question of the validity of the tax deed, set out in the pleadings, and of the tax sale upon which such deed is based, and, if the same are found to be void, to ascertain the amount which plaintiff should be required to pay in order to redeem the lands in controversy, and to permit such redemption."

At the next trial the district court found the tax deed valid, but upon appeal this court decided that the deed was void upon its face, and remanded the cause for further proceedings. 102 Neb. 152. Since the deed was void upon its face, the short statute of limitations, in the revenue law, was not applicable, and the only matter left for adjudication, or further proceedings necessary or proper to be had, was to determine the amount which plaintiff should

pay in order to redeem, and the value of the improvements, if any.

After remand several amendments were sought to be made to the answer, but these were either stricken, or did not change the issues. The record is not quite clear as to which amendments were stricken. At the trial defendant offered a number of exhibits. The court excluded such as had been offered at the former trial upon the issues as to the validity of the tax deed, upon the ground that the matter had already been adjudicated. In this there was no error.

Defendants refused to proceed further with proof of the amount of taxes and interest to which they were entitled. The court, from the allegations and admissions in the pleadings, found the amount paid by the defendants for taxes with interest as allowed by the statute and rendered a decree in their favor for this sum.

The main contention of defendants now is that this court erred in its opinion and judgment as to the validity of the tax deed upon the former appeal. This question has already been determined upon the same pleadings. The former judgment settled the law of the case, and is *res adjudicata*. The district court, as was its duty, followed the mandate of this court; its judgment is therefore.

AFFIRMED.

ROSE, J., not sitting.