JOHN W. SHERLOCK, APPELLEE, V. H. WADE GILLIS, APPELLANT.

FILED MARCH 28, 1922.   No. 21743.

1. Taxation: SALE: REDEMPTION: LIMITATIONS. Where a treasur- er's tax deed is void on its face, an action to redeem the land from the tax liens for which the land was sold is not barred within the five-year period fixed by the general revenue law. Rev. St. 1913, sec. 6558.

2. ———: ———: ———. Where a tax deed issued upon a private tax sale is void for failure to recite that the land had been previously offered at public sale and not sold for want of bidders, the owner of the land may redeem it from the tax liens upon pay- ment of the delinquent taxes, interest and penalties.

APPEAL from the district court for Morrill county: RALPH W. HOBART, JUDGE. *Reversed.*

*Fawcett & Mockett, James H. Woolley* and *Francis V. Robinson,* for appellant.

*Williams, Hurd & Neighbors, contra.*

Heard before LETTON, DAY and DEAN, JJ., SEARS and WESTOVER, District Judges.

PER CURIAM.

This is an action to quiet in plaintiff title to a quarter section of land in Morrill county. Plaintiff claims title as grantee through a warranty deed executed by F. M. Knight, May 16, 1919. Knight's title rests on two tax deeds, one issued by the treasurer of Cheyenne county

March 24, 1909, and the other by the treasurer of Morrill county April 23, 1909; Morrill county having been carved out of Cheyenne county.   Defendant pleaded that the tax deeds are void, that plaintiff has no interest in the land beyond his liens for taxes, interest and penalties, and that defendant has been the owner since March 28, 1898, by virtue of a warranty deed from the patentee.   Defendant prays for the cancelation of the tax deeds, for permission to redeem his land from the tax liens, and for a decree quieting in himself his title.   In a reply plaintiff pleaded that defendant's attack on the tax deeds is barred by the five-year statute of limitations in the general revenue law. Rev. St. 1913, sec. 6558.   The trial court found the issues in favor of plaintiff and granted him the equitable relief sought by him.

On appeal defendant makes the point that the tax deeds were void on their face because they were issued upon a private tax sale and did not contain the statutory recital that the land had been previously offered at a public sale by the county treasurer, and not sold for want of bidders. This point is well taken.

"A tax deed purporting to have been issued on a private sale must contain a recital that the land had been previously offered for sale for such taxes at public sale, and not sold for want of bidders." *Ludden v. Hansen,* 17 Neb. 354, cited and followed in unpublished *per curiam* opinion found in Complete Record 121, p. 255, filed on motion for rehearing in *Opp v. Smith,* 102 Neb. 155.

In *Housel v. Boggs,* 17 Neb. 94, this court held:

"A tax deed must be valid on its face to entitle the party claiming under it to the benefit of the special limitation of the revenue law."   See, also, *Towle v. Holt,* 14 Neb. 221; *Bendexen v. Fenton,* 21 Neb. 184.

Since the tax deeds were void on their face, defendant was not required to assert their invalidity within the short period of five years.   It follows that he is entitled to redeem his land from the tax liens upon payment of delin-

quent taxes, interest and penalties. For that purpose the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.