WEBSTER, Respondent, v. CRESSLER, et al, Appellants.

(276 N. W. 263.)

(File No. 8042. Opinion filed December 14, 1937)

*M. C. Lasell,* of Aberdeen, for Appellants.

*Geo. H. Fletcher,* of Aberdeen, and *A. C. Campbell,* of Frederick, for Respondent.

PER CURIAM. Plaintiff commenced this action to quiet title to certain lands. Plaintiff's title depended upon the validity of a tax deed. The court held the tax deed invalid and decreed ownership of the land in defendant subject to a lien securing payment to the plaintiff of certain taxes paid by the plaintiff and costs plaintiff had paid in taking the tax deed. The defendant has appealed from that portion of the judgment decreeing that the land was subject to the lien in the amount set forth.

Appellant first contends that, the tax deed being invalid, the plaintiff should not be entitled to recover the costs he had paid to obtain such invalid deed. With this contention of appellant we are inclined to agree. The defendant to redeem his land should not be compelled to pay the costs of a proceeding which culminated in an invalid instrument. See Nicol v. Sherman, 21 S. D. 189, 110 N. W. 777; Sherlock v. Gillis, 108 Neb. 72, 187 N. W. 812; Hannahs v. Provine, 28 S. D. 200, 133 N. W. 53.

Appellant next contends that the court erred as to the amount that it decreed the defendant must pay to free the land from the

lien allowed plaintiff because of the payment of taxes. Plaintiff for several years had paid the taxes levied against the land, and the court held that defendant should repay to plaintiff these taxes together with accrued interest and penalty. The defendant contends that the assessments upon which these taxes were based were void, and that, therefore, no tax was in fact ever levied on the land, and that it became the duty of the court to ascertain the true and just amount of taxes, if any, which should have been assessed and extended against the property and to enter judgment upon this basis rather than upon the amount of taxes which were apparently levied against this land, but which, in fact, were void because there was no valid assessment.

 Appellant contends that the assessment was void, first, because this land was assessed for more than its "true and full value in money" as required by section 6700, Rev. Code 1919. However, appellant failed to enter a complaint to the board of equalization which equalized the valuations placed upon this land. Appellant having failed to avail himself of the statutory right to complain to the county board of equalization cannot now question the amount of the assessed valuation and the tax based thereon. Bagley Elevator Co. v. Butler, 24 S. D. 429, 123 N. W. 866; Sioux Falls Savings Bank v. Minnehaha County, 29 S. D. 146, 135 N. W. 689, Ann. Cas. 1914D, 910; Beadle County v. Eveland, 43 S. D. 447, 180 N. W. 65; Holbrook v. Gallagher, 56 S. D. 54, 227 N. W. 461; Food Supply Co. v. Pennington County, 58 S. D. 321, 236 N. W. 284.

 Appellant next contends that, by reason of the fact that the assessor failed to take the oath prescribed by law and failed in other respects to strictly comply with the statutes the court should have reassessed this property. However, appellant has failed to show that the tax purported to be levied was unjust or inequitable. Until appellant makes a showing that the tax levied was unjust or inequitable, he is not entitled to show that the assessor failed to take an oath or other defects in the assessment for the purpose of having the assessment set aside and an assessment made by the court. Brink v. Dann, 33 S. D. 81, 144 N. W. 734. The showing that the land was assessed at more than its true value does not show that the tax levied was unjust or inequitable.

If all property were assessed upon the same basis as to value as defendant's land, the tax levied would not be unjust or inequitable even if defendant's land were assessed at more than its true value. Whether a tax is unjust or inequitable because of valuation placed upon certain land will depend upon the relation that that value bears to the assessment of other property. Appellant has failed to show that the assessment was unjust or inequitable in relation to other assessments, and therefore is not entitled to have the property assessed by the court because of the failure of the assessor to take the prescribed oath or because of the failure in some other respects to make this assessment strictly comply with the statutes.

The trial court is directed to modify its judgment by deducting, from the amount of the lien allowed the plaintiff, the costs of procuring the tax deed, and, as thus modified, the judgment is affirmed. Appellant is entitled to tax costs in this court.

WARREN .J., concurs in the modification and affirmance; all other Judges concur in the opinion as written.